UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BEGDOURI HOMES OF EMILY LLC,

   Plaintiff,

vs.

MOUNT VERNON FIRE INSURANCE COMPANY,

   Defendant.

_____/

CASE NO.   8:25-cv-02219-MSS-AEP

## MVF'S MOTION TO DISMISS BEGDOURI'S COMPLAINT

The Defendant, Mount Vernon Fire Insurance Company ("MVF"), moves to dismiss the Complaint [DE 1-1] filed by the Plaintiff, Begdouri Homes of Emily LLC ("Begdouri"), and as grounds states:

### I. INTRODUCTION

This case arises from a property insurance claim. Begdouri has never obtained an adverse adjudication against MVF, and yet its complaint asserts a statutory bad faith count and bad faith allegations and requests for relief couched as a breach of contract count, and attaches in support of both counts its Civil Remedy Notice. Florida law is abundantly clear that bad faith is not ripe and that, although Begdouri can assert a proper breach of contract count, he cannot assert bad faith or couch bad faith allegations under the guise of a breach of contract count. As such, MVF requests that the Court dismiss Begdouri's complaint.

8:25-cv-02219-MSS-AEP

## II. THE COMPLAINT'S ALLEGATIONS

There are relevant issues not alleged in the complaint which will be raised in pleadings when appropriate, but motions to dismiss are determined based on the complaint's allegations so MVF limits this motion to those allegations.

The complaint's general allegations include a number of issues relevant only potentially to bad faith, such as service of Begdouri's incorporated Civil Remedy Notice, MVF's response[1], the statutory notice if intent to initiate litigation, and MVF's alleged failure to respond. *See* ¶ 19-21, 26-28. The complaint makes contradictory allegations regarding claims handling, claiming that MVF was not communicating while conceding that the parties were engaging in settlement negotiations, and also claiming handling delays. *See* ¶ 18 and 25, 33.

The complaint's breach of contract count alleges that MVF:

> breached the parties' contract in refusing to communicate with its insured, including refusing to respond to statutory notices, failing to advise its insured of the status of the claim, and refusing to respond to any inquiries from its insured in a timely manner.

*See* ¶ 41. The complaint's breach of contract count seeks damages afforded only potential on bad faith and not on a breach of an insurance policy claim:

> As a direct and proximate result of [MVF]'s breaches, [Begdouri] has suffered damages, including ***consequential and special damages resulting from the delay*** in payment, a portion of which [MVF] knew would be paid to the lienholder.

---

[1] Begdouri curiously alleges that MVF obtained counsel 60 days after the CRN, which is both presumptuous and wholly irrelevant.

2

*See* ¶ 42 (emphasis added).

The bad faith count alleges and seeks damage arising from alleged violations of Fla. Stat. § 624.155, but fails to allege any adverse adjudication or determination of liability and damages required to ripen a bad faith claim. *See* ¶ 44-55.

### III. ARGUMENT AND LEGAL AUTHORITY

**A.   APPLICABLE STANDARD**

The rules permit the Court to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). Factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008). Factual allegations, however, must be sufficient to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F. 3d 1289, 1295-1296 (11th Cir. 2007). Formulaic recitation of elements is insufficient. *Iqbal*, 556 U.S. 662, 678. Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Ozford Asset Mgmt., Ltd. v. Laharis*, 297 FR. 3d 1182, 1187 (11th Cir. 2002).

**B.   BAD FAITH COUNT PREMATURE AND SHOULD BE DISMISSED**

A first party bad faith claim is separate and distinct from an underlying claim for insurance benefits—a bad faith case relates to statutory requirements to adjust

a claim whereas a coverage case relates to coverage under the policy. *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267 (M.D. Fla. 2014); *Opperman v. Nationwide Mut. Fire Ins. Co.*, 515 So. 2d 263 (Fla. 5th DCA 1987), rev denied, 523 So. 2d 578 (Fla. 1988). Bad faith is a statutory remedy for insurer misconduct in adjusting a claim. *Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1128 (Fla. 2005).

Begdouri cannot sue for bad faith before obtaining a judgment that MVF breached the policy and establishing the amount of damages. A statute enacted in 2022 bars bad faith until an insured has "established through an adverse adjudication by a court of law that the property insurer breached the insurance contract and a final judgment or decree has been rendered against the insurer." Fla. Stat. § 624.1551; *Isaacson v. QBE Spec. Ins. Co.*, 2024 U.S. Dist. LEXIS 191418 (M.D. Fla. Oct. 22, 2024). Even absent that statute, bad faith is not ripe until there has been a final determination as to both the insurer's liability and the amount it owes. *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008). The rationale for this is that if the insured cannot prevail in the coverage action, the insurer cannot have acted in bad faith by refusing to afford coverage. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991). Thus, unless and until Begdouri has at a minimum prevailed in proving that the policy affords coverage and the amount afforded, it cannot bring a bad faith claim regarding MVF's adjustment of the claim. *Id.* Begdouri has not prevailed on coverage and so cannot sue for bad faith.

## C. BAD FAITH ALLEGATIONS COUCHED AS BREACH OF CONTRACT SHOULD BE DISMISSED

Bad faith is not ripe on a breach of contract action, and as such bad faith allegations couched as a breach of contract allegations also mandate dismissal. *See Ceballos v. Ironshore Specialty Ins. Co.*, 2022 U.S. Dist. LEXIS 5316 (S.D. Fla. Jan. 11, 2022) (allegations that insurer "failed to…properly adjust" constituted premature bad faith mandating dismissal even where this was a "breach of contractual obligations"); *see also Portofino S. Condo. Ass'n of W. Palm Beach, Inc. v. QBE Ins. Corp.*, 664 F. Supp. 2d 1265, 1267-1268 (S.D. Fla. 2009) (couching bad faith allegations under a count for something else still requires dismissal); *Isola Condo. Ass'n v. QBE Ins. Corp.*, 2008 U.S. Dist. LEXIS 101049 (S.D. Fla. Dec. 8, 2008) (same).

Begdouri's claim that MVF failed to properly respond to statutory notices or to communicate in the adjustment of the loss are bad faith allegations, not allegations of a policy breach. *See* ¶ 41. If that were not clear enough, Begdouri's breach of contract count demands consequential and special damages, which are not recoverable in a property insurance breach of contract case. *See* ¶ 42; *Citizens Prop. Ins. Corp. v. Manor House, LLC*, 313 So. 3d 579, 584 (Fla. 2021) ("consequential damages are not available in a first-party breach of insurance contract action because the contractual amount due to the insured is the amount owed pursuant to the express terms and conditions of the insurance policy.") Those

5

bad faith allegations and damages are included in the alleged breach of contract count.

Begdouri can assert a breach of contract claim, but has instead chosen to assert bad faith under the guise of breach of contract, which is improper. The Court should dismiss it.[2]

WHEREFORE, MVF requests that the Court grant this motion, dismiss Begdouri's complaint, and grant any further relief deemed just.

## CONFERRAL CERTIFICATION

MVF's undersigned counsel certifies that he conferred with the Plaintiffs' counsel regarding this motion. Counsel did not agree to the relief sought herein.

> Respectfully submitted,
>
> HINSHAW & CULBERTSON LLP
>
> */s/ Joseph V. Manzo*
> Joseph V. Manzo
> Florida Bar No. 52309

---

[2] By filing this motion, MVF does not waive any defenses to Begdouri's complaint or any rights, including but limited to the right to file a counterclaim.

8:25-cv-02219-MSS-AEP

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and copies shall be served via email upon

Henry G. Gyden, Esq.
GYDEN LAW GROUP, P.A.
1600 East 8th Ave., Suite A200
Tampa, FL  33605
Telephone: 813-493-4181
Facsimile: 831-337-0244
hgyden@gydenlaw.com
*Counsel for Begdouri*

HINSHAW & CULBERTSON LLP

/s/ *Joseph V. Manzo*
Joseph V. Manzo
Florida Bar No. 52309
2811 Ponce de Leon Blvd.,
10th Floor, Suite 1000
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
jmanzo@hinshawlaw.com
eriesgo@hinshawlaw.com
jhodges@hinshawlaw.com
Counsel for MVF

1084800\326024701.v1